[Cite as *Kim v. Kim*, 2026-Ohio-3003.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shihyoung Kim, | : | |
| Plaintiff-Appellee, | : | No. 25AP-722 |
| | | (M.C. No. 2025 CVI 36432) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Gyuri Kim, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 4, 2026

**On brief:** *Shihyoung Kim*, pro se. **Argued:** *Shihyoung Kim*.

**On brief:** *Gyuri Kim*, pro se. **Argued:** *Gyuri Kim*.

APPEAL from the Franklin County Municipal Court

JAMISON, J.

{¶ 1} Defendant-appellant, Gyuri Kim, appeals the judgment entry of the Franklin County Municipal Court, entered in favor of plaintiff-appellee, Shihyoung Kim. For the reasons set forth below, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 23, 2025, appellee filed a complaint against appellant in the Franklin County Municipal Court. Appellee asserted claims for property damage, conversion, and unjust enrichment. Appellant and appellee were previously married, and their divorce was finalized November 14, 2024.

{¶ 3} In relevant part, the complaint alleged that from May 2023 to December 2024, appellant exclusively occupied the residence located at 8318 Linton Boulevard, Columbus, Ohio 43235. It further alleged that while appellee and the minor children were out of state, appellant forcibly entered the residence, changed the locks, installed a latch on

the front door, and reprogrammed the garage opener. The complaint alleged that during this time, appellant refused to pay certain utility bills and related penalties she incurred despite repeated requests from appellee.

{¶ 4} When appellee regained possession of the home, the following bills were owed: $403.26 for the gas bill accrued during the unpaid period of September 3, 2024 to January 8, 2025; $183.98 for the electricity bill accrued during the unpaid period of November 27 to December 27, 2024; $2,244.19 for the unpaid water bills and penalties accrued during the unpaid period of June 29, 2023 to August 29, 2024; and $217.74 for the water bill accrued during the unpaid period of September 3 to December 27, 2024. (Compl. at 6.) Appellee alleged that, after appellant's sole occupancy of the residence ended, he had to pay the utility balances to avoid losing the utility services. Appellant did not respond to appellee's complaint.

{¶ 5} Appellee's complaint came to be heard August 27, 2025. The magistrate found that appellant solely occupied the residence during the period in question. Further, the magistrate found that appellant admitted liability for the balance incurred on the utility bills. The magistrate issued a decision on August 27, 2025, ordering appellant to pay $3,049.17 in utility fees, with 8 percent interest per year if left unpaid. Appellant did not file objections to the magistrate's decision or a transcript of the proceedings. On August 29, 2025, the trial court adopted the magistrate's decision. Appellant timely appealed the trial court's decision on September 9, 2025.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

> The trial court erred and abused its discretion by imposing liability for utility expenses upon Appellant despite the Korean court's final divorce and property division judgment, in violation of the doctrine of res judicata.

## III. STANDARD OF REVIEW

{¶ 7} Procedurally, when a hearing is held before a magistrate, a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the trial court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than 10 days after the first objections are filed. If a party makes

a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law. Civ.R. 53(D)(3)(b)(i).

{¶ 8} Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D) imposes an affirmative duty on the parties to timely object to a magistrate's order, identifying any error of fact or law. *Buford v. Singleton*, 2005-Ohio-753, ¶ 5 (10th Dist.). This court has held that failure to object to a magistrate's decision or order waives the right to appellate review of all but plain error. *Id*. at ¶ 6.

{¶ 9} Further, the Supreme Court of Ohio has stated that in applying the doctrine of plain error in civil cases, "reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 1997-Ohio-401, ¶ 24. " '[I]n order for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the error affected the basic fairness, integrity, or public reputation of the judicial process and therefore challenged the legitimacy of the underlying judicial process.' " *Tanner v. Umeh*, 2020-Ohio-3470, ¶ 11 (10th Dist.), quoting *State v. Morgan*, 2017-Ohio-7565, ¶ 40.

## IV. LEGAL ANALYSIS

{¶ 10} Appellant failed to file objections to the magistrate's decision within the 14 days allotted by Civ.R. 53. In *Brown v. Zurich*, 2020-Ohio-6099 (10th Dist.), we said, "A party who does not file written objections to a magistrate's decision may not raise on appeal issues on the merits that might have been the basis of the objections." *Id*. at ¶ 40; *see also* Civ.R. 53(D)(3)(b)(iv) (except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule). Thus, appellant waived all but plain error on appeal. *See In re G.S.*, 2011-Ohio-2487, ¶ 6 (10th Dist.).

{¶ 11} Plain error requires an obvious error that affected the outcome of the proceedings. *Tanner* at ¶ 11. "The plain error doctrine should never be applied . . . to allow litigation of issues which could easily have been raised and determined in the initial trial." *Goldfuss* at ¶ 29. Here, the issue regarding the utility expenses incurred by appellant after the divorce was litigated before the trial court and decided on the merits.

{¶ 12} Accordingly, we turn to whether appellant has satisfied her burden on appeal. The appellant bears the burden of proving error by reference to matters in the record. *Graddic v. Wharton*, 2025-Ohio-5157, ¶ 6 (10th Dist.). Appellant did not file objections to the magistrate's decision, nor did appellant file a transcript. *See* Civ.R. 53(D)(3)(b)(iii) ("The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time . . .").

{¶ 13} Although appellant timely appealed, she did not invoke the plain error doctrine in her assignment of error on appeal, and our review of the record reveals no circumstances warranting its application. We apply the holding of *Campbell v. Campbell*, 2021-Ohio-2045 ¶ 15 (10th Dist.), where this court held that an appellant failing to object, failing to file a transcript, and presenting no argument for plain error leaves this court to discern no grounds for finding plain error.

{¶ 14} Application of the plain error doctrine is reserved for the exceptional case where an error has seriously affected the basic fairness, integrity, or public reputation of the judicial process. *Buford*, 2005-Ohio-753, at ¶ 6 (10th Dist.). Appellant does not raise an assignment of error that allows this court to find that there is any procedural unfairness, or that the integrity or public reputation of the judicial process affected the outcome of the proceedings. Thus, we conclude that the trial court did not err. Accordingly, we overrule appellant's sole assignment of error.

## V. CONCLUSION

{¶ 15} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____